# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FRANKLIN C. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-14-1374-HE |
| | ) | |
| RAE HOWELL *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, appearing *pro se* and *in forma pauperis,* filed this action while confined in the Payne County Jail in Stillwater, Oklahoma. He sued Rae Howell, a nurse at Stillwater Medical Center, Lloyd Moore, M.D., a physician at Stillwater Medical Center, Michael Casteel, a Stillwater police officer, Lynn Hermanson, an assistant district attorney for Payne County, and Judge Kathy Thomas, a state court district judge, asserting various claims under both federal and state law. Pursuant to 28 U.S.C. § 636(b)(1)(B), (C), the matter was referred for initial proceedings to Magistrate Judge Shon Erwin, who conducted the required screening under 28 U.S.C. § 1915(e)(2)(B)(ii) for *in forma pauperis* cases and issued a Report and Recommendation recommending that all but plaintiff's Americans with Disabilities Act ("ADA") claim against defendant Casteel be dismissed with prejudice. The magistrate judge also recommended that the court decline to exercise supplemental jurisdiction over the state law claims. Plaintiff has filed an objection to the Report and Recommendation.

Plaintiff alleges in his complaint that he was wrongfully arrested at Stillwater Medical

Center where he had voluntarily gone to obtain mental health treatment. He asserts various federal claims against all defendants and state law medical malpractice or negligence claims against defendants Howell and Moore. In a thorough Report and Recommendation, the magistrate judge considered and rejected each of the federal claims alleged against the defendants, with one exception. He concluded plaintiff might be able to cure the defects in the claim he asserted against defendant Casteel under the ADA. As for the state law claims asserted against defendants Howell and Moore, the magistrate judge recommended that the court decline to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c).

Magistrate Judge Erwin also recommended that the Amended Complaint Invoking Court Upon Imminent Danger [Doc. #15], which plaintiff filed on Feb. 20, 2015, be stricken. The magistrate judge stated that the claims plaintiff asserts in his Amended Complaint, which are based on conditions of confinement at the Payne County Jail, are both unrelated to the claims he alleges in the original complaint and are asserted against different defendants. He noted that the Federal Rules of Civil Procedure discourage complaints that allege multiple unrelated claims against multiple parties. *See* Fed.R.Civ.P. 18(a), 20(a)(2). He also noted that if plaintiff is allowed to join the unrelated claims, he can avoid paying the filing fee required for separate actions and can also circumvent the three strikes provision for any actions that might qualify as a "strike' under 28 U.S.C. § 1915(g).

Plaintiff spends about half of his objection discussing prisoners' right of access to the courts. He asserts he "did not get any case law at the Payne County Jail, except his charges

and never saw a law library." Doc. #51, p. 11.[1] In the remainder of his objection he asserts that defendants Hermanson and Thomas are not entitled to immunity and that defendants Howell and Moore were state actors for purposes of §1983 (they "exceeded their boundary as private citizens"). *Id.* at 14.

The court agrees with the magistrate judge that plaintiff's Amended Complaint [Doc. #15] should be stricken. The claims in his original complaint and amended complaint are completely unrelated and involve different defendants. Their joinder in the same action is inappropriate. *See* Fed.R.Civ.P. 18(a), 20(a)(2). Defendant may pursue the claims alleged in his Amended Complaint in a separate lawsuit, but not in this action.

Plaintiff's objections to the magistrate judge's conclusions regarding his claims based on his treatment at the Stillwater Medical Center, arrest and subsequent prosecution are not persuasive. He failed to cite any authority or make any cogent argument demonstrating error in the magistrate judge's analysis. Plaintiff's claims against defendants Hermanson and Thomas are clearly barred by prosecutorial and judicial immunity. As for defendants Howell and Moore, accepting the allegations of the complaint as true, as the magistrate judge carefully explained in his Report and Recommendation, none of their alleged conduct constitutes "state action" for the purposes of § 1983. Plaintiff did not object to the remainder of the magistrate judge's findings and conclusions.

Having conducted the required *de novo* review, the court agrees with Magistrate Judge

---

[1] *Plaintiff somehow managed to access case law, as he cited and discussed a number of cases in his objection.*

3

Erwin's review of plaintiff's claims and **ADOPTS** his Report and Recommendation as stated here. Accordingly, all plaintiff's federal claims against all defendants in his original complaint are **DISMISSED WITH PREJUDICE**, except for his ADA claim against defendant Casteel. Plaintiff will be granted leave to amend that claim. To that extent, plaintiff's motion seeking leave to amend [Doc. #52] is **GRANTED.** To the extent plaintiff seeks to amend his complaint to add any new claims or amend any claim other than his ADA claim against defendant Casteel, the motion is **DENIED**. Plaintiff may file an amended complaint asserting an ADA claim only against defendant Casteel, if plaintiff believes he can do so. Any amended complaint must be filed by **August 28, 2015**. If plaintiff can state a valid claim under the ADA against defendant Casteel, the court will exercise its supplemental jurisdiction over the state law negligence/medical malpractice claims against defendants Howell and Moore. Otherwise it will decline to exercise jurisdiction over them and they will be dismissed without prejudice.

Plaintiff's Amended Complaint Invoking Court Upon Imminent Danger [Doc. #15] is **STRICKEN**. Plaintiff's motion to compel service [Doc. #33] and defendant Casteel's motion for order [Doc. #36] are **DENIED as BEING MOOT**.

In his objection, plaintiff states that he has filed a judicial misconduct complaint against the court and is asking it to recuse. Doc. #51, p. 17. The court is unaware of the complaint and is unaware of any basis for recusal. Plaintiff's request is **DENIED**. Plaintiff also requests a change in venue. As this is the proper venue for plaintiff's action, *see* 28

U.S.C. § 1391(b), the case will not be transferred.[2]

The matter is referred again to Magistrate Judge Shon T. Erwin for further proceedings.

**IT IS SO ORDERED**.

Dated this 14th day of August, 2015.

JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[2]*Plaintiff filed another pleading [Doc. #53], which is illegible for the most part. At its conclusion he asks the court to "simply forward these crimes to the appropriate prosecutorial authorities." Doc. #53, p. 11. As plaintiff does not appear to be asking the court for any relief which can appropriately be granted in this lawsuit, the pleading will be ignored.*