# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANKLIN C. SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-14-1374-HE |
| RAE HOWELL, et al., | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights. United States District Judge Joe Heaton referred this matter to the undersigned Magistrate Judge for preliminary review, conducting any necessary hearings, including evidentiary hearings, the entry of appropriate orders as to non-dispositive matters, and the preparation and submission of proposed findings and recommendations as to dispositive matters referenced in 28 U.S.C. §636(b)(1)(B) and (C). Before the Court is a document filed by Plaintiff on August 3, 2015 and entitled "Plaintiff is requesting this Court disregard Defendant Rae Howell's Motion to Dismiss and Brief in Support as Moot & Lacking Jurisdiction, Among Other Things," as well as a "Supplement to Memorandum of Law" filed on August 19, 2015. (ECF No. 53, 58).

At the time Plaintiff filed this lawsuit, he was confined in the Payne County Jail in Stillwater, Oklahoma. (ECF No. 1:1). He named five Defendants: Rae Howell, a nurse at Stillwater Medical Center; Lloyd Moore, a physician at Stillwater Medical Center; Michael

Casteel, a police officer for the Stillwater Police Department; Lynn Hermanson, Payne County Assistant District Attorney; and, Judge Kathy Thomas, Payne County District Court Judge. (ECF No. 1:1-3). His Complaint asserted various claims and allegations against each Defendant. (ECF No. 1).

On June 23, 2015, the undersigned issued a Report and Recommendation recommending that Plaintiff's claims, with the exception of Plaintiff's ADA claim against Defendant Casteel, be dismissed with prejudice, pursuant to 28 U.S.C. § 1915, for failure to state a claim upon which relief can be granted. (ECF No. 40). With regard to the ADA claim against Defendant Casteel, the undersigned recommended that it be dismissed with leave to amend. (ECF No. 40). On August 14, 2015, the Court adopted the Report and Recommendation in its entirety and gave Plaintiff until August 28, 2015 to file an Amended Complaint pertaining solely to the ADA claim against Defendant Casteel. (ECF No. 57).

In the meantime, on August 3, 2015, Plaintiff filed a document entitled, "Plaintiff is Requesting this Court disregard Defendant Rae Howell's Motion to Dismiss and Brief in Support as Moot & Lacking Jurisdiction, Among Other Things." (ECF No. 53). In this document, Plaintiff requests that any Motions to Dismiss filed by Defendants following the undersigned's Report and Recommendation should be considered moot and premature. (ECF No. 53:1). Additionally, Plaintiff essentially reiterates the allegations set forth in his initial Complaint, as well as sets forth allegations he has allegedly submitted to other federal agencies. (ECF No. 53:2-7). On August 19, 2015, Plaintiff

filed a Supplement to Memorandum of Law in which he asks the court to "reopen the case and allow it to proceed" in reference to the claims previously dismissed by the Court. (ECF No. 58:7).

Defendants Rae Howell, Hermanson and Thomas did file Motions to Dismiss after the undersigned issued his Report and Recommendation. (ECF Nos. 42, 44 and 45). However, on July 16, 2015, the Court entered an Order striking each of those Motions as moot in light of the Report and Recommendation. (ECF No. 48). Additionally, to the extent Plaintiff has reasserted the claims and allegations set forth in his Complaint, those are moot in light of the undersigned's June 23, 2015 Report and Recommendation and the Court's Order adopting the same. (ECF No. 40, 57).[1] Accordingly, each of these filings should be denied as moot.

Finally, in the Court's Order dated August 14, 2015, Plaintiff was given until August 28, 2015 to file an Amended Complaint pertaining to his ADA claim against Defendant Casteel. (ECF No. 57). In that Order, the Court specifically advised:

> Plaintiff may file an amended complaint asserting an ADA claim <u>only</u> against defendant Casteel, if plaintiff believes he can do so. Any amended complaint must be filed by **August 28, 2015**. If plaintiff can state a valid claim under the ADA against defendant Casteel, the court will exercise its supplemental jurisdiction over the state law negligence/medical malpractice claims against defendants Howell and Moore. Otherwise it will decline jurisdiction over them and they will be dismissed without prejudice.

(ECF No. 57:4) (emphasis in original).

---

[1] Plaintiff does not directly address his ADA claim against Defendant Casteel within either of these documents. (ECF Nos. 53, 58).

3

Plaintiff's deadline to amend his ADA claim has passed and he has failed to file an Amended Complaint or any other related document pertaining to this claim. As such, Plaintiff's ADA claim against Defendant Casteel should be dismissed with prejudice and the Court should decline to exercise supplemental jurisdiction over his state law claims.

## RECOMMENDATION

In light of the foregoing discussion, it is hereby recommended that Plaintiff's [Request to] Disregard Defendant Rae Howell's Motion to Dismiss and Brief in Support as Moot & Lacking Jurisdiction, Among Other Things **(ECF No. 53)** and his related Supplement to Memorandum of Law **(ECF No. 58)** be **DENIED as moot**.

Additionally, Plaintiff's ADA claim against Defendant Casteel should be dismissed with prejudice for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915. Finally, pursuant to 28 U.S.C. § 1367(c)(3), it is recommended the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss those without prejudice.

Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **September 17, 2015.** Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **DISPOSES OF ALL ISSUES** referred to the undersigned Magistrate Judge in this matter.

**ENTERED** on August 31, 2015.

*Shon T. Erwin*
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE