# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANKLIN C. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-14-1374-HE |
| ) | |
| RAE HOWELL *et al.,* ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Plaintiff, appearing *pro se* and *in forma pauperis,* filed this action while confined in the Payne County Jail in Stillwater, Oklahoma. He sued a nurse and physician at Stillwater Medical Center, a Stillwater police officer, an assistant district attorney for Payne County, and a state court district judge, asserting various claims under both federal and state law. Pursuant to 28 U.S.C. § 636(b)(1)(B), (C), the matter was referred for initial proceedings to Magistrate Judge Shon Erwin. Adopting his Reports and Recommendations, the court dismissed with prejudice all plaintiff's federal claims with prejudice and declined to exercise jurisdiction over the state law claims, which were dismissed without prejudice.

Plaintiff then filed a motion requesting the appointment of a guardian ad litem because he had been declared incompetent and a motion presenting new evidence supporting a retaliation claim. The court vacated the judgment that had been entered and referred the matter again to the magistrate judge for his determination of the impact, if any, of plaintiff's motions on the prior rulings in the case.

Magistrate Judge Erwin has issued another Report and Recommendation concluding

that, while it is unlikely, plaintiff's competency status might have hindered his ability to amend one of his claims – his ADA claim. He therefore recommends that plaintiff be provided an additional opportunity to amend that claim. He determined plaintiff's other claims were not affected.

With respect to plaintiff's Fed.R.Civ.P. 17(c) motion, in lieu of appointing a guardian ad litem at this time, the magistrate judge recommended that the case be stayed until February 1, 2016. He noted that plaintiff was currently receiving treatment, that the physician, who had determined that plaintiff was unable to consult with and rationally assist his attorney with the preparation of his defense, had opined that he should become competent after treatment, and that a post-evaluation competency hearing was scheduled to be held in January 2016. The magistrate judge recommended that plaintiff be directed to update the court within a week of his competency hearing with its results.

Finally, the magistrate judge concluded that plaintiff's remaining motion to amend [Doc. #67] pertains to claims unrelated to those alleged in his initial complaint and involves new defendants. He recommends that the pleading be stricken pursuant to Fed.R.Civ.P. 18 and 20.

Plaintiff filed an objection, which principally consists of a general discussion of federal disability discrimination law. He does, though, contend that his retaliation claim is sufficiently linked to this case because the alleged retaliation consists of asserted interference with the processing of his legal mailings in this lawsuit. He also asserts that he is entitled to be represented by a guardian ad litem.

Plaintiff did not object to that portion of the magistrate judge's Report and Recommendation determining that his prior conclusions regarding all but plaintiff's ADA claim were not affected by plaintiff's incompetency. Accordingly, all plaintiff's federal claims against all defendants, except for his ADA claim against defendant Casteel are again dismissed with prejudice. The court **ADOPTS** the Report and Recommendation, defers ruling on plaintiff's motion to appoint a guardian ad litem, and stays the case as to plaintiff's ADA claim and his supplemental state law claims until **February 19, 2016**. Plaintiff is directed by that date to advise Magistrate Judge Erwin of the results of the competency hearing held on **January 12, 2016**. The magistrate judge will then proceed as appropriate.

The court agrees with the magistrate judge that plaintiff should not be allowed to amend his complaint to add a retaliation claim, as he seeks to sue different actors and add a completely distinct cause of action. Plaintiff's motion presenting new evidence supporting a retaliation claim [Doc. #67] is therefore **DENIED**.

**IT IS SO ORDERED**.

Dated this 3rd day of February, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE