IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANKLIN C. SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-14-1374-HE |
| RAE HOWELL, et al., | ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se* and *in forma pauperis*, brought this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights. United States District Judge Joe Heaton referred this matter to the undersigned magistrate judge for preliminary review, conducting any necessary hearings, including evidentiary hearings, the entry of appropriate orders as to non-dispositive matters, and the preparation and submission of proposed findings and recommendations as to dispositive matters referenced in 28 U.S.C. § 636(b)(1)(B)-(C).

The following issues remain: (1) Plaintiff's Motion to Appoint Representative to Protect Incompetent Person Pursuant to Rule 17 (Supplemental Pleading) ("Motion for Guardian *Ad Litem*"), (2) Plaintiff's federal claim against Defendant Casteel, alleging a violation of the Americans with Disabilities Act (ADA), and (3) Plaintiff's state law claims against Defendants Howell and Moore, the validity of which are based on the exercise of supplemental jurisdiction.

For the following reasons, it is recommended that the Court **DENY** Plaintiff's Motion for Guardian *Ad Litem*, **DISMISS WITH PREJUDICE**, Plaintiff's ADA claim

against Defendant Casteel, and **DISMISS WITHOUT PREJUDICE**, the state law claims against Defendants Howell and Moore.

## I.     BACKGROUND

In the Complaint, Plaintiff named five Defendants: Rae Howell, a nurse at Stillwater Medical Center; Lloyd Moore, a physician at Stillwater Medical Center; Michael Casteel, a police officer for the Stillwater Police Department; Lynn Hermanson, Payne County Assistant District Attorney; and, Judge Kathy Thomas, Payne County District Court Judge. (ECF No. 1:1-3).

On June 23, 2015, the undersigned issued a Report and Recommendation ("R&R") recommending summary dismissal with prejudice of all federal claims against all Defendants, with the exception of the ADA claim against Defendant Casteel. (ECF No. 40). With respect to that claim, the undersigned also recommended dismissal, but with leave to amend the Complaint. (ECF No. 40). The Court adopted the recommendations, and ordered: (1) any amendment to the Complaint should be filed by August 28, 2015 and (2) if Plaintiff could state a valid ADA claim against Defendant Casteel, the Court would exercise supplemental jurisdiction over the state law claims against Defendants Howell and Moore. (ECF No. 57).

Plaintiff failed to amend the Complaint regarding the ADA claim against Defendant Casteel. Thus, on August 31, 2015, the undersigned recommended dismissal of the claim with prejudice and the Court adopted the recommendation. (ECF Nos. 61 & 63).

On October 23, 2015, Plaintiff filed a Motion for Guardian *Ad Litem*. (ECF No. 66). There, Plaintiff alleged that he had been "found incompetent to proceed" in a

criminal case pending in state court. (ECF No. 66:1). As a result of the motion, the Court vacated the order which had dismissed the ADA claim against Defendant Casteel. (ECF 68). Judge Heaton referred Plaintiff's Motion for Guardian *Ad Litem* to the undersigned "for his consideration . . . and the impact, if any, of [Plaintiff's Motion for Guardian *Ad Litem*] on the prior rulings in this case." (ECF No. 68).

Following the re-referral, the undersigned located findings regarding Mr. Smith's competency in four Tulsa County District Court cases. In three cases, Plaintiff had been found competent on August 6, 2015.[1] On September 28, 2015, the trial court in a fourth case found Mr. Smith incompetent, in part, based on a report from Forensic Psychologist Scott Orth, Psy.D.[2] Based on the finding of incompetency, the trial court ordered Plaintiff to be transported to the Oklahoma Forensic Center for treatment.[3] (ECF No. 73).

These findings led the undersigned to conclude that Plaintiff's competency may have impacted his ability to amend his ADA claim against Defendant Casteel. The undersigned stated:

---

[1] *See* OSCN,
http://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&cmid=2839239&number=CF-2015-2539.
http://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&cmid=2840699&number=CF-2015-2649.
http://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&cmid=2841431&number=CF-2015-2692.

[2] *See* OSCN,
http://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&cmid=2754831&number=CF-2014-3749.

[3] *See* OSCN,
http://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&cmid=2754831&number=CF-2014-3749.

> The remaining questions before the Court then are whether Plaintiff's competency status might have affected his ability to amend his ADA claim by August 28, 2015 and if so, whether the Court should appoint a guardian *ad litem* under Rule 17(c). In light of state court records indicating Plaintiff was found competent as late as August 6, 2015, it is unlikely his competency hindered his ability to amend his ADA claim within the requisite time period. However, out of an abundance of caution due to the finding of incompetency in late September 2015, the undersigned recommends Plaintiff be provided an additional opportunity to amend his ADA claim.

(ECF No. 73:9). As a result, the undersigned recommended staying the action, pending further findings on Mr. Smith's competency following his treatment at the Oklahoma Forensic Center. (ECF No. 73). The Court adopted the recommendation, noting that the remaining outstanding issues in the case included rulings on:

(1) Plaintiff's ADA claim against Defendant Casteel,

(2) Plaintiff's state law claims against Defendants Howell and Moore, which were dependent on supplemental jurisdiction, and

(3) Plaintiff's Motion for Guardian *Ad Litem*.

(ECF No. 83).

Upon review of the state court record in Plaintiff's Tulsa County District Court criminal cases, the undersigned has located a report dated December 17, 2015 from Forensic Psychologist Samina Christopher, Ph.D., who treated Plaintiff at the Oklahoma Forensic Center.[4] ("Competency Report"). Dr. Christopher's evaluation consisted of: (1) multiple clinical interviews; (2) administration of psychological tests; and (3) a review of

---

[4] *See* OSCN,
http://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CF-2014-3749,
http://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CF-2015-2692,
http://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CF-2015-2649,
http://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CF-2015-2539.

Mr. Smith's criminal history records, prior rulings on Plaintiff's competency, and Dr. Orth's findings.

In her report, Dr. Christopher stated that Mr. Smith was able to appreciate the nature of the charges against him and rationally consult with and assist his attorney in the preparation of his defense. (Competency Report at 4). Dr. Christopher also found that Mr. Smith was not dangerous and did not need treatment. (Competency Report at 5). In conclusion, Dr. Christopher stated:

> Mr. Smith was evaluated for his adjudicative competence. He does not evidence any genuine substantial cognitive impairment or overt genuine signs of mental illness, and his current assessment results are highly suggestive of feigned psychiatric impairment and impaired effort. Currently, Mr. Smith demonstrates the ability to appreciate the nature and charges against him and the ability to consult with and rationally assist his attorney, should he choose to do so. Mr. Smith does not currently meet the inpatient criteria of "a person requiring treatment" and he is not presently dangerous.

(Competency Report at 7).

## II. PLAINTIFF'S MOTION FOR GUARDIAN *AD LITEM*

As discussed at length in the undersigned's recommendation to stay the action, appointment of a guardian *ad litem* would be appropriate "to protect . . . [an] incompetent person who is unrepresented in an action." (ECF 73:9) (quoting Federal Rule of Civil Procedure 17(c)). The issue of Plaintiff's competency was complicated by inconsistent findings in four Tulsa County cases.

The sole finding of incompetency in state court was based, in part, on a report from Dr. Orth who had stated that Plaintiff's mental state rendered him "unable to engage in or assist his attorney in such tasks as communicating relevant facts, evaluating possible plea options, challenging witnesses, and planning a legal strategy."

(ECF No. 66-1:4). However, Dr. Orth also stated that if provided with a course of treatment, therapy or training, Plaintiff "will likely be stabilized so that his current mental status would no longer interfere with his competency related abilities." (ECF No. 66-1:4).

As early as November 4, 2015, Plaintiff was receiving treatment at the Oklahoma Forensic Center. (ECF No. 70). And on December 17, 2015, the Director of Forensic Psychology at that facility, Dr. Christopher, completed a report stating that Mr. Smith was competent and able to rationally assist his attorney. In doing so, Dr. Christopher had reviewed Dr. Orth's report, which had been the basis for previous finding of Mr. Smith's incompetency. Based on Dr. Christopher's report finding that Plaintiff is competent, the Court should deny Plaintiff's Motion for Guardian *Ad Litem*.

### III. ADA CLAIM AGAINST DEFENDANT CASTEEL

On October 24, 2014, Mr. Smith went to the Stillwater Medical Center *via* ambulance to obtain mental health treatment. (ECF No. 1:4). Based on his conduct at the hospital, Plaintiff was arrested by Defendant Casteel. (ECF No. 1:3-5). Plaintiff contends that rather than being arrested, his behavior should have prompted mental health treatment only. (ECF No. 1:2, 4, 5).

According to the Probable Cause Affidavit, upon Plaintiff's arrival at the hospital, he became unruly. (ECF No. 1-2:1). Mr. Smith was pulling at his IV, taking off his blood pressure cuff, pulling at the cords connected to nearby monitors, and trying to get out of bed. (ECF No. 1-2:1). As a result, hospital staff left Plaintiff's door open to allow for observation. (ECF No. 1-2:1). Shortly thereafter, a nurse found Plaintiff seated on his bed with his pants down around his knees, masturbating. (ECF No. 1-2:1).

When Defendant Casteel made contact with Plaintiff, he noted an overwhelming smell of alcohol, slurred speech, and watery eyes. (ECF No. 1-2:1). Defendant Casteel noted that Plaintiff was "rambling on about multiple different things," but that Plaintiff was conscious and aware of where he was and what was happening around him. (ECF No. 1-2:1). Upon Mr. Smith's release from the hospital, Defendant Casteel arrested Plaintiff for Indecent Exposure and Public Intoxication. (ECF No. 1-2:1-2).

In the Complaint, Mr. Smith alleges that Defendant Casteel violated the ADA by discriminating against Plaintiff based on his mental disabilities. (ECF 1:2). Liberally construing the Complaint, it appears Mr. Smith contends that Defendant Casteel violated the ADA by arresting him based on unlawful behavior that was allegedly the result of a mental disability. This theory fails as a matter of law.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132. In order to prove a violation of Title II of the ADA, a plaintiff must demonstrate that: (1) he or she is a qualified individual with a disability; (2) he or she was either excluded from participation or denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Gohier v. Enright*, 186 F.3d 1216, 1219 (10th Cir. 1999).

In *Gohier*, the Tenth Circuit held that a person with a disability *may* state a claim under the ADA based upon police conduct in an arrest or investigation. *Id.* at 1220–21.

The Tenth Circuit discussed two potentially viable theories involving police conduct recognized by other federal courts: the wrongful arrest theory and the reasonable accommodation during arrest theory. Under the wrongful arrest theory, law enforcement may be liable for arresting an individual after incorrectly perceiving the effects of the individual's disability as illegal conduct. *Id.* (citing *Lewis v. Truitt*, 960 F.Supp. 175, 178 (S.D. Ind. 1997) and *Jackson v. Town of Sanford*, 1994 WL 589617, at 6 (D. Me. Sept. 23, 1994) (unpublished op)). Under the reasonable accommodation during arrest theory, law enforcement may be liable if they fail to reasonably accommodate a person with a disability during the course of an investigation or arrest for a crime unrelated to that disability, thereby "causing the person to suffer greater injury or indignity in that process than other arrestees." *Id.* (citing *Gorman v. Bartch*, 152 F.3d 907, 912–13 (8th Cir. 1998)). However, while the Tenth Circuit clarified that "a broad rule categorically excluding arrests from the scope of Title II ... is not the law," the court stated that it remained "an open question in this circuit whether to adopt either or both [theories]." *Id.* at 1221.

In *Gohier*, the defendant officer responded to a request to investigate a disturbance involving a man using a baseball bat or pipe to damage vehicles. *Id.* at 1217. The officer subsequently encountered a man, later identified as a paranoid schizophrenic, walking down the middle of the road clutching his right hand to his chest. *Id.* The officer identified himself, and directed the man to "stop," at which time the man put his right hand behind his back and began walking toward the officer at a "fast pace." *Id.* at 1217–18. The officer drew his pistol and ordered the man to show his hands several times, but the man did not comply and kept advancing toward the officer

with his right hand hidden. *Id.* at 1218. The man then raised his right hand from behind his back and began repeatedly swinging it down and forward in a stabbing motion, holding a long slender object. *Id.* The officer retreated behind his car and ordered the man to drop the object, but the man did not comply and continued to advance to the driver's side of the patrol car and began to open the door. *Id.* When the officer moved to stop the man, he let go of the door and either stepped or lunged toward the officer making a stabbing motion with the object. *Id.* The officer shot the man twice, killing him. *Id.*

The Tenth Circuit determined that the wrongful arrest theory did not apply because the officer did not misperceive lawful conduct caused by the man's disability as criminal activity. *Id.* at 1221. Under the wrongful arrest theory, law enforcement may be liable for arresting a disabled individual *who has not committed a crime* where law enforcement misperceive the effects of the individual's disability as illegal conduct. *Id.* at 1221. The police officers in the cases cited in the *Gohier* decision each misperceived the effects of a disability as illegal conduct. "In *Lewis*, [officers] beat and arrested, for the offense of resisting law enforcement, a deaf man who could not understand their command; in *Jackson*, [officers] arrested for drunk driving a man who was sober, and whose unsteadiness and slurred speech resulted from a past stroke." *See id.* (citing *Lewis*, 960 F.Supp. at 176–77; *Jackson*, 1994 WL 589617, at 1).

The present case is distinguishable from the cases discussed in *Gohier*. Here, Defendant Casteel did not misperceive lawful conduct caused by Plaintiff's disability as criminal activity and then arrest him for that conduct. Instead, it is undisputed that Defendant Casteel was called to Stillwater Medical Center to investigate acts of indecent

exposure by Plaintiff. (ECF No. 1:4; ECF No. 1-2). Even assuming Plaintiff's conduct was the result of a disability, his conduct warranted a police response because his conduct was unlawful. *See also J.H. ex rel. J.P. v. Bernalillo County*, 2014 WL 3421037, at 50 (D.N.M. July 8, 2014) (unpublished op.) (rejecting an ADA claim based on a wrongful arrest theory noting, "Even assuming she battered her teacher as a result of her disability, J.P.'s conduct warranted a police response because her conduct was unlawful."); *Buben v. City of Lone Tree*, 2010 WL 3894185, at 9-11 (D. Colo. Sept. 30, 2010) (unpublished op.) (granting summary judgment against the plaintiff's ADA claim based on a wrongful arrest theory finding, "Even assuming Plaintiff's conduct was the result of a disability, his conduct warranted a police response because his conduct was unlawful.").

Even if the wrongful arrest theory were applicable in this Circuit, which remains undecided, such a claim is not cognizable in this case, as pled in the Complaint. Regardless of whether Plaintiff's behavior was the result of a mental disability, his alleged conduct was unlawful and warranted a police response. (ECF No. 40:10-11). In that situation, Plaintiff's ADA claim against Defendant Casteel would fail. (ECF No. 40:10-11).

On this basis, the undersigned recommended dismissal of the ADA claim in the initial R&R in this case. (ECF No. 40:10-11). And based on the events as set forth in the Probable Cause Affidavit, the undersigned was skeptical whether Plaintiff could present a viable ADA claim against Defendant Casteel. However, because Mr. Smith neither acknowledged nor denied the behavior alleged in the Probable Cause Affidavit, Plaintiff was given an opportunity to amend the Complaint. Mr. Smith failed to do so. Based on

the recent finding of competency, the Court should conclude that the failure to amend was not due to a mental disability. Accordingly, and based on the rationale in *Gohier*, Plaintiff's ADA claim against Defendant Casteel should be dismissed with prejudice for failure to state a claim.

IV. **STATE LAW CLAIMS AGAINST DEFENDANTS HOWELL AND MOORE**

Based on the recommendation to dismiss the ADA claim against Defendant Casteel, the Court should decline supplemental jurisdiction over the state law claims against Defendants Howell and Moore and dismiss those claims without prejudice. *See* 28 U.S.C. § 1367(c)(3).

V. **RECOMMENDATION**

In light of the foregoing discussion, it is hereby recommended that the Court **DENY** Plaintiff's Motion for Guardian *Ad Litem*, **DISMISS WITH PREJUDICE**, Plaintiff's ADA claim against Defendant Casteel, and **DISMISS WITHOUT PREJUDICE**, the state law claims against Defendants Howell and Moore.

VI. **NOTICE OF RIGHT TO OBJECT**

Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **March 31, 2016.** Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

**VII. STATUS OF REFERRAL**

This Report and Recommendation **DISPOSES OF ALL ISSUES** referred to the undersigned Magistrate Judge in this matter.

**ENTERED** on March 14, 2016.

_/s/ Shon T. Erwin_
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE